UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

APRIL S.,

                              **Plaintiff,**

  vs.                                              5:23-CV-899
                                                                       (MAD/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINKSY LAW GROUP**<br>250 South Clinton Street - Suite 210<br>Syracuse, New York 13202<br>Attorney for Plaintiff | **HOWARD OLINKSY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | **KRISTINA D. COHN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, April S., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits.  *See* Dkt. No. 1.  In a Report-Recommendation dated August 19, 2024, Magistrate Judge Therese Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; and (2) Defendant's motion for judgment on the pleadings be granted.  *See* Dkt. No. 16.  On September 3, 2024, Plaintiff filed objections to the Report-Recommendation.  *See* Dkt. No. 17.  On September 9, 2024, Defendant responded to

Plaintiff's objections arguing that the objections should be reviewed for clear error and Magistrate Judge Dancks' Report-Recommendation should be adopted by this Court. *See* Dkt. No. 18.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Neither party objects to the factual or procedural background or legal framework set forth in the Report-Recommendation. The Court finds no clear error in those portions of Magistrate Judge Dancks' decision and assumes the parties' familiarity with the same.

Plaintiff's remaining objections are redundant of the arguments set forth in her initial and reply briefs. *Compare* Dkt. No. 17, *with* Dkt. Nos. 12, 15. Plaintiff does not identify any specific errors in Magistrate Judge Dancks' Report-Recommendation. Rather, she merely disagrees with Magistrate Judge Dancks' conclusion. As such, the Court will review the Report-Recommendation for clear error. *See Fabrizio v. Annucci*, No. 9:18-CV-339, 2019 WL 5287959, *2 (N.D.N.Y. Oct. 18, 2019) ("[W]hen an objection merely reiterates the *same* arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

that portion of the report-recommendation challenged by those arguments to only a *clear error* review").

As thoroughly explained by Magistrate Judge Dancks, Plaintiff's arguments challenge the ALJ's decision to not obtain a retrospective medical opinion and the resulting impact on the disability determination. *See* Dkt. No. 16 at 7.

It is true that "'[a] medical opinion rendered well after a plaintiff's date last insured may be of little, or no, probative value regarding plaintiff's condition during the relevant time period.'" *Major v. Saul*, No. 3:19-CV-1500, 2020 WL 5793468, *10 (D. Conn. Sept. 29, 2020) (quoting *Patterson v. Comm'r of Soc. Sec.*, No. 1:18-CV-556, 2019 WL 4573752, *5 (W.D.N.Y. Sept. 20, 2019)). However, as correctly noted by Magistrate Judge Dancks, "[t]he Second Circuit has declined to require an ALJ to solicit a retrospective opinion from a claimant's provider." *Amy P. v. Comm'r of Soc. Sec.*, No. 22-CV-06044, 2024 WL 3424721, *5 (W.D.N.Y. July 16, 2024) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)); *see also Battaglia v. Astrue*, No. 11-CV-02045, 2012 WL 1940851, *10 n.11 (E.D.N.Y. May 29, 2012) ("[A]n ALJ is not required to obtain retrospective assessments where the plaintiff has not identified a treating physician prepared to offer such an assessment and indicated that a retrospective assessment would reveal any useful information"); *see also* Dkt. No. 16 at 8.

This is true so long as "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'" *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx. 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013)); *see also Kendra C. v. Comm'r of Soc. Sec.*, No. 21-CV-1131, 2024 WL 1242413, *10 (W.D.N.Y. Mar. 22, 2024) ("The record in this case contains approximately six years of plaintiff's medical records, including those predating her alleged onset date. Moreover, the record contains

3

several opinions from plaintiff's treating providers, as well as an opinion from a consultative physician, assessing plaintiff's physical functioning during the relevant period.  Although none of the opinions explicitly assess plaintiff's physical functioning prior to June 2019, I find that the ALJ adequately explained his determination that Huckell's assessment of plaintiff's physical functioning 'cover[ed] the majority of the period in issue'"); *Freund v. Berryhill*, No. 17-CV-9967, 2019 WL 1323992, *10 (S.D.N.Y. Mar. 25, 2019).

Plaintiff argues that the ALJ committed reversible error when she did not seek a retrospective opinion from Dustin Grant Williams, Ph.D., an impartial medical expert.  *See* Dkt. No. 17 at 1-2.  Magistrate Judge Dancks acknowledged that Dr. William's opinions "represented Plaintiff's limitations as of April 2022," despite Plaintiff's date last insured being December 31, 2020.  Dkt. No. 16 at 6, 11.  Magistrate Judge Dancks concluded that the ALJ's decision not to obtain a retrospective opinion from Dr. Williams was not in error because "Dr. William' opinion was based on his review of the record including office treatment records from [Anthony Malvasi, D.O.,] and other providers at CNY Family Care from January 2018 through March 2021, and emergency department records from August 2020." *Id.* at 12.  Plaintiff does not challenge this assertion.  *See* Dkt. No. 17.  The Court finds no clear error in Magistrate Judge Dancks' conclusion because the Second Circuit does not require an ALJ to always seek a retrospective opinion and Dr. Williams' opinion was based, in part, on a review of records from the relevant time period.  *See Lynch v. O'Malley*, No. 22-CV-5620, 2024 WL 728483, *12 (S.D.N.Y. Feb. 21, 2024) ("Although these opinions were rendered after Plaintiff's date last insured, they both rely on medical records from the relevant period"); *Karen S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-960, 2022 WL 462086 *9 (N.D.N.Y. Feb. 15, 2022) ("Although the relevant period for the ALJ's disability determination is before the plaintiff's date last insured, 'medical evidence obtained after

4

a plaintiff's date last insured can be used to show that plaintiff was disabled prior to her date last insured[ ]' as long as it pertains to already-existing impairments") (quotation omitted).

Plaintiff argues, however, that the error is compounded by the ALJ's faulty reasoning concerning "*several opinions*." Dkt. No. 17 at 2. Magistrate Judge Dancks reviewed the ALJ's analysis regarding the medical opinions in the record. *See* Dkt. No. 16 at 12-17. The Court finds no clear error in her discussion or conclusions. The Court agrees with Magistrate Judge Dancks that the ALJ sufficiently explained consideration of all of the medical opinions of record as required by the regulations and that the ALJ's conclusions are supported by substantial evidence.

Plaintiff argues that the ALJ's reasoning concerning the different medical opinions is contradictory because the ALJ relied on Dr. Williams' opinions, despite it being completed after Plaintiff's date last insured, but the ALJ simultaneously rejected other opinions that were completed after the date last insured. *See* Dkt. No. 17 at 2. However, the ALJ clearly explained her reasons for treating the medical opinions differently: (1) "Kevin Lewis, LMFT, the claimant's therapist, . . . identified [significant restrictions that] are contradicted by his own recognition that he has only treated the claimant sporadically since August 2019"; (2) "[t]he undersigned is not very persuaded by an assessment from Lauren Eadline, FNP-C, because Ms. Eadline acknowledged that she did not begin treating the claimant until after the date last insured, *and* there is no indication that she had reviewed the claimant's medical record for the period at issue to support the conclusion that her assessment is an accurate reflection of the claimant's function prior to December 2020"; and (3) "[t]he undersigned is not particularly persuaded by the responses to medical interrogatories from Steven Golub, M.D., an impartial medical expert, because Dr. Golub did not restrict his review of the medical record to the time period at issue, and advised that the limitations he identified did not begin until January 2021, which is after the date

5

last insured." Dkt. No. 9-2 at 23-24. Plaintiff argues that "[t]his reasoning is unacceptable and not based on substantial evidence," but she does not challenge the ALJ's statements that Mr. Lewis' treatment was sporadic, and Ms. Eadline and Dr. Golub did not rely on records from the relevant time period. Dkt. No. 17 at 2. The Court agrees with Magistrate Judge Dancks that remand is not warranted based on the ALJ's consideration of the various medical opinions and that the residual functional capacity is supported by substantial evidence. *See* Dkt. No. 16 at 16-17. The ALJ sufficiently articulated her reasoning which is supported by the record.

Finally, Plaintiff takes issue with Magistrate Judge Dancks' word choice. In her Report-Recommendation, Magistrate Judge Dancks stated that "[i]n addition to Dr. Williams' opinion, the ALJ's mental RFC determination is largely based on Dr. Malvasi's opinion." *Id.* at 13. "Plaintiff questions whether 'largely' is an accurate description of how the ALJ used opinion evidence in this case to assess the RFC, as the ALJ wrote that she formulated the RFC based on the assessments of Dr. Malvasi and Dr. Williams *only*." Dkt. No. 17 at 3 (citation omitted). Plaintiff contends that the ALJ "formulated the RFC based on Dr. Malvasi's and Dr. Williams' assessments in equal part, without finding either opinion more persuasive than the other." *Id.*

Plaintiff's assertion is inaccurate; the ALJ did find one opinion to be more persuasive than the other. As Magistrate Judge Dancks accurately recited, "the ALJ found Dr. Williams' opinion persuasive, [and] Dr. Malvasi's opinion generally persuasive." Dkt. No. 16 at 10 (citation omitted). Magistrate Judge Dancks also explained the ALJ's rejection of a portion of Dr. Malvasi's opinion which resulted in the ALJ finding it only "generally persua[sive]." *Id.* at 13. The Court does not find Plaintiff's argument compelling that Magistrate Judge Dancks' use of the word "largely" is in error because Plaintiff's contention that the ALJ treated Dr. Malvasi and Williams' opinions "equal[ly]" is not supported by the ALJ's decision. Dkt. No. 17 at 3.

6

In sum, the ALJ could have recontacted Dr. Williams to request another opinion or to verify that, without a doubt, his opinion concerned Plaintiff's limitations prior to her date last insured. *See* 20 C.F.R. § 404.1520b(c)(1) (providing that an ALJ may recontact a medical source to obtain additional information or clarification); *Rusin v. Berryhill*, 726 Fed. Appx. 837, 840-41 (2d Cir. 2018) ("[T]he ALJ was under no obligation to recontact [plaintiff's treating psychiatrist] where there were no obvious gaps in the administrative record and the ALJ possessed [a plaintiff's] complete medical history"). However, the Court finds no clear error in the Report-Recommendation's conclusion that such action was not required in this case because there was sufficient information in the record for the ALJ to make her decision and the ALJ's conclusions are supported by substantial evidence.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall entered judgment in Defendant's favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 13, 2024
       Albany, New York

*Mae A. D'Agostino*
U.S. District Judge